UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CATHERINE FRANCIS RIVERA,
MAXWELL VINCENT NELSON,

       Plaintiffs,

v.

MOVING DUDES LLC. D/B/A MOVER DUDES,
MOVING EMPIRE INC., JASON PRICE,
JAMES BANFALVY,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, CATHERINE FRANCIS RIVERA and MAXWELL VINCENT NELSON, bring this action against Defendants, MOVING DUDES LLC. D/B/A MOVER DUDES, MOVING EMPIRE INC., JASON PRICE, and JAMES BANFALVY, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs CATHERINE FRANCIS RIVERA and MAXWELL VINCENT NELSON were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through, among other activity, interstate telephone communication with customers in Washington, Idaho, California, Nevada, Texas, North Carolina, South Carolina, Michigan, New York, New Jersey and other places.

4. At all times material hereto, Defendant, MOVING DUDES LLC. D/B/A MOVER DUDES, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of moving services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, MOVING EMPIRE INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of moving services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendants, MOVING DUDES LLC. D/B/A MOVER DUDES and MOVING EMPIRE INC., are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

7. Defendants, MOVING DUDES LLC. D/B/A MOVER DUDES and MOVING EMPIRE INC., were joint employers of Plaintiffs, under the Fair Labor Standards Act, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

8. MOVING EMPIRE INC. is the successor entity to MOVING DUDES LLC. D/B/A MOVER DUDES; MOVING EMPIRE INC. and its owners had notice of MOVING DUDES LLC. D/B/A MOVER DUDES's liability under the FLSA before the change in entity occurred; there exists a substantial continuity of business operations between MOVING DUDES LLC. D/B/A

MOVER DUDES AND MOVING EMPIRE INC.; MOVING EMPIRE INC. operates at the same location as did MOVING DUDES LLC. D/B/A MOVER DUDES; MOVING EMPIRE INC. uses the same or substantially the same work force as did MOVING DUDES LLC. D/B/A MOVER DUDES; MOVING EMPIRE INC. uses the same or substantially the same supervisory personnel as MOVING DUDES LLC. D/B/A MOVER DUDES; MOVING EMPIRE INC. employs the same jobs under substantially the same working conditions as did MOVING DUDES LLC. D/B/A MOVER DUDES; MOVING EMPIRE INC. uses the same machinery, equipment, and methods of production as did MOVING DUDES LLC. D/B/A MOVER DUDES; MOVING EMPIRE INC. produces the same products as did MOVING DUDES LLC. D/B/A MOVER DUDES; MOVING EMPIRE INC. has expressly and/or impliedly assumed MOVING DUDES LLC. D/B/A MOVER DUDES; MOVING EMPIRE INC. is a mere continuation of MOVING DUDES LLC. D/B/A MOVER DUDES; and the change in entity from MOVING DUDES LLC. D/B/A MOVER DUDES to MOVING EMPIRE INC. occurred for the purpose of Defendants to escape liability imposed by the FLSA.

9. Defendant, JASON PRICE, is a resident of Palm Beach County, Florida and was, and now is, a manager of Defendant, MOVING DUDES LLC. D/B/A MOVER DUDES, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of MOVING DUDES LLC. D/B/A MOVER DUDES. Accordingly, JASON PRICE was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

10. Defendant, JAMES BANFALVY, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, MOVING DUDES LLC. D/B/A MOVER DUDES, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of

MOVING DUDES LLC. D/B/A MOVER DUDES. Accordingly, JAMES BANFALVY was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

11.     Defendant, JASON PRICE, was and now is a manager of Defendant, MOVING EMPIRE INC., controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of MOVING EMPIRE INC.. Accordingly, JASON PRICE was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

12.     Defendant, JAMES BANFALVY, was and now is a manager of Defendant, MOVING EMPIRE INC., controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of MOVING EMPIRE INC.. Accordingly, JAMES BANFALVY was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

13.     Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

14.     Plaintiff CATHERINE FRANCIS RIVERA worked for Defendants as a salesperson.

15.     Plaintiff MAXWELL VINCENT NELSON worked for Defendants as a salesperson.

16.     Defendants failed to pay Plaintiffs' full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rate for hours worked over 40 each week.

17.     Defendants failed to pay Plaintiffs' full and proper minimum wages for certain hours worked during Plaintiffs' employments.

18.     Attached as <u>Exhibit A</u> and <u>Exhibit B</u> are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

19.      Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

20. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

21. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

22. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

23. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

24. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791